IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHAWN C. SZEKELY                                                        PLAINTIFF

V.                                            NO. 12-5267

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration           DEFENDANT

**MEMORANDUM OPINION**

       Plaintiff, Shawn C. Szekely, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.**      **Procedural Background:**

       Plaintiff filed his current applications for DIB and SSI on June 15, 2010, alleging an inability to work since April 15, 2008, due to skull fracture, hip problems, and leg problems. (Tr. 107-108, 111-115, 149). An administrative hearing was held on November 2, 2011, at which

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

-1-

Plaintiff appeared with counsel and he and his wife testified. (Tr. 23-46).

By written decision dated December 29, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - status post fractures of the left tibia/fibula, femur, and acetabulum; status post re-fracture of the left femur; mild degenerative disc disease in the left knee; and obesity. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). (Tr. 16). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was capable of performing past relevant work as a dining room attendant and security guard. (Tr. 16). Alternatively, the ALJ found there were other jobs Plaintiff could perform, such as hand bander, housekeeper, and fruit cutter. (Tr. 16).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional evidence and denied that request on November 28, 2012. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 10). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 15, 16).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.　Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

    It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

    The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

AO72A
(Rev. 8/82)

gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following issues on appeal: 1) Whether the ALJ incorrectly represented the medical records as to Plaintiff's injuries, pain, and ability to ambulate effectively; 2) Whether the ALJ erred in assessing Plaintiff's credibility; 3) Whether the ALJ erred in assessing the RFC prior to making credibility findings; and 4) Whether the ALJ's hypothetical question to the VE contained all of Plaintiff's impairments. (Doc. 15).

**A. Issues 1, 2, and 3:**

The Court will address Plaintiff's first three issues together, as they relate to the ALJ's credibility and residual functional capacity determination.

With respect to the ALJ's credibility findings, he was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th

Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

Plaintiff argues that the ALJ mainly relied on medical records from Dr. Wesley Cox' treatment records to discredit Plaintiff. In fact, the ALJ discussed the medical reports of Dr. Cox and Dr. Allison Johnson, another one of Plaintiff's treating physicians, and also referred to the progress notes of Dr. Mira Zelin, D.O. (Tr. 15, 16). Although the ALJ did not address Dr. Zelin by name, he referenced her notes, which reflected Plaintiff's pain medications were

working well. (Tr. 242, 244, 346). The ALJ noted that Plaintiff was non-compliant with Dr. Cox' directions to be non-weight bearing for 12 weeks after surgery, telling Dr. Cox that "he simply couldn't do it." (Tr. 199). The ALJ also noted the fact that Dr. Johnson frequently advised Plaintiff to increase his activity levels as his left extremity healed. (Tr. 191, 192, 343). It is also noteworthy that Dr. Johnson continued to advise Plaintiff to quit smoking, and although Plaintiff reduced the amount he smoked down to less than one pack per day, he continued to smoke. (Tr. 356).

The ALJ gave great weight to the Physical RFC Assessment completed by non-examining physician, Dr. Julius Petty, and the case analysis of Dr. Jonathan Norcross, dated July 28, 2010, and October 6, 2010, respectively. (Tr. 16, 205-212, 218). He found them to be well supported by medically acceptable clinical and laboratory techniques and were not inconsistent with the other substantial evidence of record. (Tr. 16). The ALJ also reported, and the record confirms, that on April 26, 2010, Dr. Cox did not anticipate any sort of permanent disability qualification. (Tr. 197, 234).

The ALJ did not discount all of Plaintiff's complaints, but found that Plaintiff's treating physicians did not place any functional restriction on his activities that would preclude light work activity. (Tr. 16). He also found that although Plaintiff's daily activities appeared restricted, the restrictions were self imposed. (Tr. 16).

After reviewing the record as a whole, the Court is of the opinion that there is substantial evidence to support the ALJ's credibility findings and RFC determination, and the weight the ALJ gave to the various reports.

**B.     Hypothetical Question to the VE:**

The ALJ posed the following question in his hypothetical to the VE:

> Assume the claimant, I believe he would have been age 32 at the alleged onset date, a 32 year-old male with 10th grade education, the ability to read, write, use numbers. Assume the individual in general has the physical capacity to occasionally lift 20 pounds, frequently lift 10 pounds to stand and/or walk with normal breaks a total of about six hours of an eight hour day, to sit with normal breaks a total of about six hours of an eight hour day, that push pull activities would be unlimited, such an individual could perform all postural activities occasionally, that there would be no other physical limitations. Assuming all the foregoing could such an individual return to any of his past work?
> A: The dining room attendant, security guard and that would be it.
> . . .
> Q: And would there be other unskilled work available for such an individual?
> A. Yes, ...hand bander, ...housekeeper,... and fruit cutter.

(Tr. 43-44).

The Court believes the hypothetical the ALJ proposed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. See Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). The Court further believes that the VE's responses to this hypothetical question constitute substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing his past relevant work and work as hand bander, housekeeper, and fruit cutter, during the relevant time period. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from VE based on properly phrased hypothetical question constitutes substantial evidence).

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

AO72A
(Rev. 8/82)

should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 27th day of February, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**